```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Johari T. Stewart,

                Plaintiff,

     -against-                                    ORDER

Nancy A. Berryhill, Acting                        19-cv-01287 (KAM)
Commissioner of Social Security,

                Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Johari T. Stewart ("Plaintiff") brought this action against Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("SSA"), to challenge the SSA's adverse determination denying her Disability Insurance Benefits. The Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter to the SSA for further proceedings, after which Plaintiff received a fully favorable decision awarding benefits. Plaintiff's counsel presently requests a fee award of $16,392.75 under 42 U.S.C. § 406(b)(1)(A). The Court grants the motion. Counsel is awarded a fee of $16,392.75. Counsel shall refund the $6,100 fee previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

1

**BACKGROUND**

On May 6, 2015, Plaintiff filed an application for Disability Insurance Benefits, alleging disability since August 16, 2014. (ECF No. 23-2, Affirmation ("Aff.") ¶ 1.) The SSA denied her application on July 20, 2015. (*Id.*) On September 26, 2017, Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") John Benson, who found Plaintiff not disabled. (*Id.* ¶ 2.) The Appeals Council denied review on January 3, 2019. (*Id.*)

On January 29, 2019, Plaintiff retained the Law Offices of Charles E. Binder and Harry J. Binder, LLP, to represent her in the appeal of her benefits. (*Id.* ¶ 3; ECF No. 23-3 at 3.) The retainer agreement provided that if Plaintiff's case were remanded, and Plaintiff was then awarded past-due benefits, she would owe counsel up to twenty-five percent of any such award, pursuant to approval by the reviewing federal court. (Aff. ¶ 3; ECF No. 23-3 at 2.)

Plaintiff commenced the instant action on March 5, 2019. (ECF No. 1.) The parties filed cross-motions for judgment on the pleadings, which were fully briefed as of January 31, 2020. On August 20, 2020, the Court granted Plaintiff's motion and denied Defendant's motion. (ECF No. 20.) The Court later granted the parties' stipulated request that Plaintiff be awarded $6,100.00 in attorney's fees and $400.00 in costs under the EAJA. (*See* November 12, 2020 Order.)

On remand, ALJ Gloria Pellegrino issued a fully favorable decision and found Plaintiff disabled during the requested time period. (Aff. ¶ 6.) On July 18, 2021, the SSA sent Plaintiff a letter notifying her that she was to receive Social Security benefits and that some funds had been withheld from her past-due benefits for her counsel's anticipated fee petition. (ECF No. 23-3 at 9.) However, the letter did not note the amount of fees withheld. (Aff. ¶ 12.)

Plaintiff's counsel states that on August 23, 2021, his office received copies of the notices of award for Plaintiff's eligible children, dated August 17, 2021. (*Id.*) He states that because he had not yet received Plaintiff's notice of award — despite the notice of award being dated July 18, 2021 — his office requested that a copy of Plaintiff's notice of award be faxed to him. (*Id.*) Counsel affirms that, although the notice of award did not note the amount being withheld, a SSA representative confirmed that $16,392.75 had been withheld from Plaintiff's past-due benefits for anticipated legal fees. (*Id.*) Plaintiff's counsel then filed the instant motion on September 1, 2021. (ECF No. 23.)

Initially, the SSA argued that Plaintiff's counsel's motion was untimely because it was filed beyond the effective seventeen-day mailing period that runs from when a plaintiff receives notice of benefits. (ECF No. 25 at 1.) On April 4, 2022, this Court ordered counsel for both parties to submit supplemental briefing

and relevant documentation regarding the question of timeliness and when Plaintiff's counsel received notice of the award decision from the SSA. (*See* April 4, 2022 Order.) After reviewing the parties' supplemental filings, the Court ruled that Plaintiff's counsel's motion was timely based on when Plaintiff's counsel received the agency notice. (*See* March 10, 2023 Order.)

## LEGAL STANDARD

The Social Security Act authorizes the court to award a "reasonable fee" to an attorney who represented a prevailing plaintiff, which may constitute up to "25 percent of the total of the past-due benefits to which the claimant is entitled" following a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Fees may be awarded under both § 406(b) and the EAJA if counsel refunds the smaller amount to the plaintiff. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

In determining whether to approve a requested fee amount under 42 U.S.C. § 406(b), courts consider the following factors: (1) whether the amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the contingency fee agreement; and (3) whether the amount is a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Regarding a potential windfall, courts must consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount

4

of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

## DISCUSSION

First, the Court finds that the current request is for 25% of Plaintiff's past-due benefits, as permitted by § 406(b)(1)(A) and by the fee agreement between Plaintiff and counsel. Plaintiff's counsel's Affirmation notes that Exhibit C attached to Plaintiff's motion indicates that Plaintiff's past due benefits are $65,571.00, 25% of which is the requested $16,392.75 in fees. (Aff. ¶ 12.)

The SSA's letter, attached as Exhibit C, does not specify either the total amount of past-due benefits or the amount withheld in anticipation of Plaintiff's counsel's fee motion. (*See* ECF No. 23-3, Exhibit C.) The SSA's response confirms the letter does not state a specific amount, noting that the July 18, 2021 letter "did not advise what amount the agency withheld to pay any attorney fee. Rather, Plaintiff's counsel called the agency to determine the amount and requests $16,392.75 under Section 406(b), which the

5

Commissioner confirms is not greater than 25% of Plaintiff's past due benefits and is in line with the contingency-fee agreement between Plaintiff and Plaintiff's counsel." (ECF No. 25 at 2 (internal citation omitted).) Because the SSA's response "confirms [that the requested $16,392.75] is not greater than 25% of Plaintiff's past due benefits and is in line with the contingency-fee agreement between Plaintiff and Plaintiff's counsel," the Court finds the requested $16,392.75 in fees represents not greater than 25% of Plaintiff's past due benefits.

In addition to confirming that the requested amount did not exceed the statutory 25% limit, the SSA's response also confirmed that the SSA did not object to an award of the fees, and that there was no evidence of fraud or overreaching. (ECF No. 25 at 1-2.)

The Court is also satisfied that the fee of $16,392.75 is appropriate and does not constitute a windfall. In support of the motion, Plaintiff's counsel submitted billing records showing that Charles E. Binder worked 3.50 hours and Daniel S. Jones worked 26.60 hours, for a total of 30.10 hours on Plaintiff's appeal in federal court, computing a de facto hourly attorney rate of $544.61 ($16,392.75 divided by 30.10 hours). (ECF No. 23-3 at 5.) This falls "well 'within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit.'" *Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-cv-3472 (AMD), 2024 WL 4043681, at *2 (E.D.N.Y. Sept. 3, 2024) (collecting cases).

6

Further, Plaintiff's counsel are experienced attorneys who secured a successful outcome for Plaintiff and advocated on her behalf for over two years. Charles E. Binder worked 3.50 hours for Plaintiff at the federal level. (Aff. ¶¶ 8-9.) Mr. Binder has extensive experience in the field of social security litigation and appeals. He has worked almost exclusively on social security disability cases throughout his career. (*Id.*) Daniel S. Jones worked 26.60 hours on Plaintiff's case at the federal level; similarly, Mr. Jones has practiced exclusively in the area of federal court appeals of social security disability claims for over a decade. (*Id.* ¶¶ 10-11.) The Court concludes that Plaintiff's counsel's experience permitted them to accomplish "in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854.

Plaintiff's counsel also had a long-standing relationship with Plaintiff for over two years: Plaintiff's counsel started representing Plaintiff in January 2019, and during the next two-and-a-half years, Plaintiff's counsel filed the federal district court appeal of the Commissioner's decision, which included the motion for judgment on the pleadings, a remand, and continued representation of Plaintiff at the administrative level on remand. (Aff. ¶ 13.) Further, although there is no submission from Plaintiff supporting or opposing counsel's request for fees, Plaintiff received a satisfactory outcome in this case.

7

Finally, the Court finds that Plaintiff's counsel faced a high level of uncertainty in securing Plaintiff's favorable outcome. Plaintiff's counsel began representing Plaintiff in January 2019, as noted, after ALJ Benson found Plaintiff not disabled, and after the Appeals Council denied the request for review. (*Id.* ¶ 2.) Further, the SSA found enough merit in its case to cross-move for judgment on the pleadings rather than stipulate to remand, (ECF No. 15), showing that a favorable outcome for Plaintiff was less than certain and required the attorneys to expend significant efforts in securing the outcome.

Accordingly, the Court approves an award of fees of $16,392.75 pursuant to § 406(b)(1)(A), to be paid by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy. Plaintiff's counsel shall refund the EAJA fee award in the amount of $6,100.00 to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

**SO ORDERED**

Dated:     January 15, 2025
           Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

8